UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAN ANNE FLORES HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Adelanto ICE Processing Center,<br><br>Respondent. | Case No. 5:26-cv-03681-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 203-707-271** |

Jan Anne Flores Hernandez ("Petitioner") then-proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondent's custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  Counsel later appeared on behalf of Petitioner.  The Court has considered the Petition, Respondents' Answer, which does not present an opposition argument, Petitioner's counseled response in support of the Petition, and the argument of counsel at the hearing on August 5, 2026.  Dkt. Nos. 9, 11.

## I.      Background

The Court incorporates by reference, the allegations in the Petition and Addendum, which are not contested by Respondents.  Dkt. Nos. 1, 2.

## II.      Discussion

The Petition raises four claims: (1) Petitioner's detention violates Fifth Amendment Due Process; (2) Petitioner's detention is not supported by adequate statutory authority; (3) Respondent has not provided an individual justification for detention; and (4) Petitioner's detention is not reasonably related to any legitimate government interest.  *Id*. at 6–7.[1]  Respondent does not present an opposition argument to release.  Dkt. No. 9.  Petitioner's response in support of the Petition notes that *pro se* pleadings are liberally construed and asks the Court to release Petitioner based on his due process claim.  Petitioner argues he has a liberty interest since he was previously released from immigration custody, and then re-detained without notice or opportunity to be heard.  At the hearing, Respondent did not present an opposition argument to this claim.

### A.      Procedural Due Process

This Court and others in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process.  *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

2

appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at \*1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at \*5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.    Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner entered the United States near Arizona on October 27, 2019, was inspected by immigration authorities, and then released on parole under 8 U.S.C. § 1182(d)(5)(A) on November 8, 2019.  Dkt. No. 2 at 2, 19.  Therefore, he resided in the United States for roughly six and a half years before he was re-detained on May 10, 2026.  *Id.* at 3.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal.

2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

4

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding").

The record before the Court does not show any changed circumstances that would suggest Petitioner is a flight risk or danger. Respondent does not contest Petitioner's allegation that he has complied with all conditions of his parole and ICE reporting requirements and has no criminal history. Dkt. No. 2 at 3. Furthermore, at the time of filing this Petition, Respondents had not provided individualized justification for his detention. *Id.* at 4.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

### 3. Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the

additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]'" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondent's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.   Order

For the foregoing reasons, the Petition is GRANTED as to Claim One under due process, and the remaining claims are dismissed without prejudice.

Petitioner Jan Anne Flores Hernandez (A# 203-707-271) is **ordered released** on his prior conditions of release within 24 hours of this Order.

**Respondents are ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.


DATED: August 5, 2026

_____
Patricia Donahue
United States Magistrate Judge

7